

davidthomasplea2

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
SEP 21 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00091 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| DAVID EUGENE THOMAS, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(C), the United States and the defendant, DAVID EUGENE THOMAS, enter into the following plea agreement:

1. The defendant, DAVID EUGENE THOMAS, agrees to enter a guilty plea to an Information charging him with Count I - False Alarms, in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13; Count II- Disorderly Conduct, in violation of Title 9, Guam Code Annotated, Section 61.15(a)(1) and Title 18, United States Code, Sections 7(3) and 13; and Count III- Disorderly Conduct, in violation of Title 9, Guam Code Annotated, Section 61.15(a)(1) and Title 18, United States Code, Sections 7(3) and 13. Following sentencing, the United States will dismiss the Indictment in Criminal Case No. 07-00044.

2. The defendant understands that the <u>maximum</u> sentence for Count I of the Information, False Alarms, a misdemeanor, is one (1) year imprisonment as set forth in 9 G.C.A. § 80.34 and a fine or restitution not exceeding one thousand dollars ($1000) as set forth in 9 G.C.A. § 80.50. The defendant also understands that he will be subject to a $25 special assessment fee, as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant for not more than one year as set forth in 18 U.S.C. § 3583(e)(3). The $25 special assessment fee must be paid upon sentencing.

2a. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that the <u>maximum</u> sentence for Count II of the Indictment, Disorderly Conduct, in violation of 9 G.C.A. § 61.15(a)(1), as a petty misdemeanor, is imprisonment for not more than sixty (60) days as set forth in 9 G.C.A. § 80.34. The maximum fine, together with restitution, for a petty misdemeanor may not exceed five hundred dollars ($500.00), as set forth in 9 G.C.A. § 80.50. The defendant is also required to pay a $10 special assessment fee as set forth in 18 U.S.C. § 3013. The $10 special assessment fee must be paid upon sentencing.

3a. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt

4. The defendant understands that the <u>maximum</u> sentence for Count III of the Indictment, Disorderly Conduct, in violation of 9 G.C.A. § 61.15(a)(1), as a petty misdemeanor, is imprisonment for not more than sixty (60) days as set forth in 9 G.C.A. § 80.34. The maximum fine, together with restitution, for a petty misdemeanor may not exceed five hundred dollars ($500.00), as set forth in 9 G.C.A. § 80.50. The defendant is also required to pay a $10 special assessment fee as set forth in 18 U.S.C. § 3013. The $10 special assessment fee must be paid upon sentencing.

4a. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of False Alarms, in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant caused a false emergency to be transmitted to an organization that responds to emergencies involving danger to life and property,

<u>Second</u>, that when the defendant caused the false emergency, he did so with knowledge of its falsity, and

<u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

6. The defendant understands that to establish a violation of Disorderly Conduct, in violation of Title 9, Guam Code Annotated, Section 61.15(a)(1), as assimilated by Title 18 United States Code, Sections 7(3) & 13, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant engaged in tumultuous behavior,

<u>Second</u>, that such behavior recklessly created a risk of public annoyance,

- 3 -

Third, that the defendant persisted in the disorderly conduct after reasonable request to desist; and

Fourth, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

7. The defendant understands that the Sentencing Guidelines are advisory only. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1957, and is a citizen of the United States.

b. That on or about April 27, 2007, in the District of Guam, the defendant, DAVID EUGENE THOMAS, at U.S. Naval Hospital located on U.S. Naval Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did, with knowledge of its falsity, cause a false emergency to be transmitted to an organization that responds to emergencies involving danger to life and property, to wit, U.S. Navy Explosive Ordinance Disposal Unit Five. That the defendant caused the false emergency by stating that he might have a knife, a 9 millimeter, an AK-47, or even a bomb in response to a question asking the defendant whether he had anything in his backpack that may harm someone. That U.S. Navy Explosive Ordinance Disposal Unit Five is an organization that responds to emergencies involving danger to life and property.

c. That on or about April 25, 2007, in the District of Guam, the defendant, DAVID EUGENE THOMAS, at Andersen Air Force Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did engage in tumultuous behavior during a softball game held at Andersen Air Force Base softball field. That the defendant, DAVID EUGENE THOMAS, behavior recklessly created a risk of public annoyance. That the defendant, DAVID EUGENE THOMAS, persisted in disorderly conduct after reasonable request to desist. That the defendant, DAVID EUGENE THOMAS, asked Lara Thomas if her dogs would attack him if he were to take her baby from her. That when Lara Thomas tried to walk away from the defendant, DAVID EUGENE THOMAS, continued to pursue her and her dogs. That Lara Thomas, and others, subsequently contacted the Air Force's security force.

d. That on or about April 26, 2007, in the District of Guam, the defendant, DAVID EUGENE THOMAS, at the Subway Restaurant located on Andersen Air Force Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did engage in tumultuous behavior. That the defendant, DAVID EUGENE THOMAS', behavior recklessly created a risk of public annoyance. That the defendant, DAVID EUGENE THOMAS, persisted in disorderly conduct after reasonable request to desist. That the defendant, DAVID EUGENE THOMAS, told Kirsten Mayhew that her husband should not allow him to talk to her because he could be a serial killer like Ted Bundy or John Wayne Gacy. That the defendant, DAVID EUGENE THOMAS, followed the husband and his minor child into a bathroom near the Subway restaurant after the husband told the defendant not to touch him in response to the husband being slapped by the defendant on the arm. That the defendant, DAVID EUGENE THOMAS, stated to the husband in the presence of his minor son in the bathroom "Sorry about touching you. I see how it is, I'm just a nigger. Oh, I'm sorry master for touching you. You cracker. That's right, I'm a nigger and you're a cracker."

8. The parties agree the appropriate disposition of the case is a sentence of time served, along with the special assessment fees and no period of supervised release. The defendant has been in custody since April 27, 2007.

9. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into his plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 9/20/07

DAVID EUGENE THOMAS
Defendant

DATED: 9/20/07

JOHN GORMAN
Federal Public Defender

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 9/21/07     By: 

RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 9/21/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 6 -